**Roger WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50212.**

Court of Criminal Appeals of Texas.

June 18, 1975.

Lonnie W. Duke, San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez, C. Michael Schill and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for aggravated robbery; the punishment, enhanced under the provisions of V.T.C.A., Penal Code, Section 12.42, is imprisonment for thirty years.

In the interest of justice under the provisions of Article 40.09, Section 13, Vernon's Ann.C.C.P., we find that the indictment is fundamentally defective because it fails to allege an element of the offense. It fails to allege, as it must, that the appellant either (1) caused bodily injury to another, or (2) threatened or placed another in fear of imminent bodily injury or death. One or the other of these allegations is necessary.

V.T.C.A., Penal Code, Section 29.03, provides:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

**74**

V.T.C.A., Penal Code, Section 29.02, provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

The indictment in this case in pertinent part alleges:

". . . on or about the 5TH day of JANUARY, A.D., 1974, ROGER WILLIAMS, hereinafter called defendant, did then and there intentionally and knowingly use and exhibit a deadly weapon namely: A PISTOL, to DALE STEVENSON, hereinafter called complainant, while the said defendant was in the act of committing theft of property, namely: A WALLET, from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property; . . ."

Compare the above allegations with the forms in Morrison and Blackwell, New Penal Code Forms, Sec. 29.03B, p. 33, and Texas Ann.Penal Statutes With Forms (Branch's 3rd Ed.), Vol. 2, p. 320.

The judgment is reversed and it is ordered the indictment be dismissed.

Opinion approved by the Court.