**Peter LUFFRED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–323CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 1982.

Ken Mclean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Appellant brings two appeals. In Cause No. 301,361, appellant appeals his jury conviction for aggravated robbery over his plea of not guilty. The court assessed punishment at 99 years confinement. Appellant contends the jury charge was fundamentally defective on two counts: (1) failure to allege that the assault occurred "while in the course of committing theft"; and (2) failure to instruct the jury on the culpable mental state comprising an essential element of the offense charged. In Cause No. 255,634, appellant appeals the revocation of his probation for committing the offense of misapplication of fiduciary property. He challenges the trial court's proceeding on a motion to revoke absent an adjudication of guilt. He claims that the indictment was fundamentally defective and that the sentence exposed him to double jeopardy. We reverse the conviction and remand for a new trial in Cause No. 301,361 and affirm the judgment in Cause No. 255,634.

Appellant's two grounds of error challenging the jury charge as fundamentally defective must be sustained. The Court of Criminal Appeals has held that a charge on aggravated robbery must require the jury to find the aggravating offense occurred "while in the course of committing theft." *Young v. State,* 621 S.W.2d 779, 780 (Tex.Cr.App.1981); *Evans v. State,* 606 S.W.2d 880, 882 (Tex.Cr.App.1980). A charge on aggravated robbery must include the essential elements of the offense, i.e., that the accused "intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death." Tex.Code Crim.Pro.Ann. arts. 29.02 and 29.03 (Vernon 1979); 606 S.W.2d at 883; *Ex Parte Santellana,* 606 S.W.23d 331, 332–333 (Tex.Cr.App.1980); *Ex Parte Snelson,* 601 S.W.2d 358 (Tex.Cr.App.1980); *Williams v. State,* 524 S.W.2d 73, 74 (Tex. Cr.App.1975). Absent these essential components the charge is fundamentally defective as the state concedes in its brief. *Id.* Accordingly we reverse the conviction and remand Cause No. 301,361 for a new trial.

Appellant's first ground of error in Cause No. 255,634 asserts the trial court's June 11, 1980 proceeding on the state's motion to revoke probation was erroneous. He maintains no adjudication of guilt occurred prior to the revocation hearing and consequently, the trial court's action deprived him of due process. The sequence of events at issue began with an indictment returned by the grand jury alleging appellant committed the offense of misapplication of fiduciary property on or about August 21, 1975. Appellant pleaded no contest at the hearing at which the trial court entered an order deferring adjudication of guilt and placed appellant on five years probation conditional upon appellant's committing no offenses during that period. The state filed a motion to revoke probation on August 24, 1979, which alleged appellant had committed the offense of aggravated robbery on or about July 19, 1979. In a hearing on that motion to which appellant pleaded "not true," the trial court revoked appellant's pro-

bation and sentenced him to ten years confinement. Tex.Code Crim.Pro.Ann. art. 42.-12 § 3d (Vernon 1979) prescribes requisite procedures for deferred adjudication. Section (a) provides that the trial court "may defer further proceedings without entering an adjudication of guilt, and place the defendant on probation..." Under section (b) a defendant "may be arrested and detained... on violation of a condition of probation...", and further, "the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." The record shows the hearing on the state's motion to revoke proceeded in the manner provided for in art. 42.12 § 3d outlined above and, therefore, appellant's contention is without merit and overruled.

■ Appellant's second ground of error challenges the indictment as fundamentally defective for failure to set forth the offense alleged in plain language, thus depriving appellant of notice of the offense for which he is charged. Appellant's contention is without merit. The indictment in pertinent part alleges that appellant "did... intentionally and knowingly misapply property, namely money, of the value of over ten thousand dollars, which he held in a fiduciary capacity, in a manner that involved a substantial risk of loss to Hustler Construction Company, Inc., a corporation for whose benefit the property was held." These allegations comport with Tex.Penal Code Ann. § 32.45(b) (Vernon 1979). See, *Coplin v. State*, 585 S.W.2d 734, 735 (Tex.Cr.App. 1979) (indictment sufficient which alleged relationship between complainant and accused, that accused held funds as fiduciary and misapplied those funds). We overrule appellant's second ground of error.

■ Appellant, in his third ground of error, opines that the increase in the punishment assessed, namely from five years to ten years, exposes him to double jeopardy. A court is not bound by the term assessed on deferred adjudication and may assess any term within the range prescribed by the pertinent section of the Penal Code.

Tex.Code Crim.Pro.Ann. art. 42.12 § 3d(b) (Vernon 1979); *McNew v. State,* 608 S.W.2d 166, 169, 172 (Tex.Cr.App.1980). The trial court's assessment of ten years lies within the range set forth in Tex.Penal Code Ann. § 12.33 (Vernon 1974) which provides for sentences from two to twenty years. *Id.* Appellant's double jeopardy contention must fail because constitutional protections are not applicable to revocation of probation hearings. 608 S.W.2d at 171; *Bradley v. State,* 608 S.W.2d 652, 656 (Tex. Cr.App.1980); *Davenport v. State,* 574 S.W.2d 73, 75 (Tex.Cr.App.1978); *Valdez v. State,* 508 S.W.2d 842, 843 (Tex.Cr.App. 1973). We find, therefore, no error in the trial court's exercise of its discretionary power to assess punishment and overrule appellant's final contention on appeal.

The trial court's judgment is affirmed as to Cause No. 255,634. The conviction is reversed and remanded for a new trial in Cause No. 301,361.