**Gayle COOPER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–048–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 8, 1984.

E.X. Martin, III, Dallas, for appellant.

Jerry Cobb and Kevin L. Henry, Denton, for appellee.

JORDAN, BURDOCK and SPURLOCK, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted by a jury for the offense of assault. Punishment was assessed by the trial court at 180 days confinement in the county jail and a $100.00 fine. Imposition of the jail sentence was suspended and appellant was placed on probation for twelve months.

In a single ground of error, appellant contends that the trial court erred in overruling his motion to set aside the information based on the State's failure to comply with the Texas Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02 et seq. (Vernon Supp.1982–1983).

We affirm.

Due to the nature of appellant's complaint, a rather detailed chronology of events in the case is necessary.

*May 9, 1982:*
appellant assaulted the complainant, Rasco.

*May 13, 1982:*
an information was filed in Cause No. 54774 alleging, in a single paragraph, that appellant intentionally and knowingly caused bodily injury to Rasco.

*June 12, 1982:*
appellant was arrested and released on bond.

*July 1, 1982:*
appellant filed a waiver of rights under the Speedy Trial Act; appellant was granted a continuance of the case until July 16, 1982.

*July 16, 1982:*
appellant failed to appear when his case was called. A bond forfeiture was declared and the case was re-set for July 23, 1982.

*July 23, 1982:*
appellant again failed to appear when the case was called.

*August 3, 1982:*
appellant's attorney appeared and requested a jury trial. The case was set for trial on October 19, 1982.

*October 19, 1982:*
case was re-set by agreement for jury trial on December 7, 1982.

*December 7, 1982:*
appellant's second motion for continuance was granted. The case was re-set for December 14, 1982.

*December 10, 1982:*
the State moved for dismissal of the criminal action in Cause No. 54774 for the purpose of refiling the information. State's motion was granted.

*December 11, 1982:*
an information in Cause No. 57830 was filed alleging, in multiple paragraphs, that appellant intentionally and knowingly caused bodily injury to Rasco and also alleging that appellant recklessly caused bodily injury to Rasco.

*December 12, 1982:*
State announced ready in Cause No. 57830.

*December 13, 1982:*
the case was re-set by agreement for jury trial on February 22, 1983.

*February 22, 1983:*
appellant advised the trial court of his desire to change counsel and the trial

court ordered the case continued until February 24, 1983.

*February 24, 1983:*

appellant was granted a continuance until March 1, 1983 to allow new counsel time for preparation of the case.

*March 1, 1983:*

the case in Cause No. 57830 was called for trial. Appellant's motion to set aside the information for violation of the Speedy Trial Act was denied. Trial commenced.

■ The offense with which appellant was charged is a Class A misdemeanor under TEX.PENAL CODE ANN. sec. 22.-01(b), (Vernon Supp.1982–1983) and, therefore, *absent a waiver* by appellant of his rights under the Act [1], the State had ninety (90) days from the commencement of this criminal action within which to announce ready for trial. *See* TEX.CODE CRIM. PROC.ANN. art. 32A.02 sec. 1(2) (Vernon Supp.1982–1983). For purposes of the Act, the criminal action against appellant commenced upon the filing of the information in Cause No. 54774 on May 13, 1982. *Id.* at sec. 2(a).

Appellant argues that because the State did not file the information in Cause No. 57830, under which he was eventually tried and convicted, until December 11, 1982, a date well beyond the ninety-day period from the commencement of the criminal action, the State could not possibly have been ready for trial within the applicable time period. Appellant's argument overlooks the critical fact that a waiver of rights under the Speedy Trial Act had been filed by appellant on July 1, 1982, well within the ninety-day period.

■ The issue, then, becomes whether the waiver of Speedy Trial rights filed under the first information in Cause No. 54774 constituted a waiver of those rights

for purposes of the prosecution under the information in Cause No. 57830. We are of the opinion that, under the facts of this case, the waiver filed by appellant under the first information was effective for purposes of the prosecution under the second information.

In *Rosebury v. State*, 659 S.W.2d 655 (Tex.Cr.App.1983), the Court of Criminal Appeals addressed the issue of the scope of effectiveness of a waiver of Speedy Trial rights under similar facts. In *Rosebury*, the defendant was indicted for possession of tetrahydrocannabinol (THC).[2] The defendant filed a waiver of speedy trial rights under this indictment, but subsequent to the waiver, the State discovered that the controlled substance possessed by the defendant was marihuana rather than THC. The State reindicted the defendant, under a new cause number, for possession of marihuana. The defendant filed no waiver of speedy trial rights under this subsequent indictment and after numerous re-settings of the case by agreement, the defendant moved for dismissal of the indictment based upon violations of the Speedy Trial Act.

The Court held the waiver filed under the first indictment to be effective with respect to the prosecution under the second indictment. In so holding, the Court looked first to the scope of the waiver filed by appellant. The particular language of the document focused upon was that in which the defendant waived his rights under the Act in "th[at] case". The Court then examined the allegations of the two indictments and determined that, under the facts, there was only *one case* consisting of a *single offense* albeit originally alleged erroneously. There being only one case in question, the defendant's waiver of rights under the Act in "th[at] case" was effective as to both indictments.

---

1. All references in this opinion to "the Act" are references to the Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 et seq. (Vernon Supp.1982–1983), unless otherwise indicated.

2. The defendant in *Rosebury* was originally indicted for possession of THC and filed a waiver

of speedy trial rights under that indictment. The conviction under that indictment was reversed, however, and Rosebury was granted a new trial. For purposes of clarity, the events and indictments referred to in this opinion are those filed *after* the granting of a new trial.

In the case before us, the waiver filed by appellant was not expressly limited to "this case" but simply waived all of appellant's rights under the Act.[3] Appellant's waiver, then, was at least as broad in scope as the waiver in *Rosebury, supra,* and sufficient to waive rights with respect to "this case". An examination of the two informations filed against appellant reveals that only a single offense was alleged, an assault upon Rasco. In the first information, the State alleged that appellant intentionally and knowingly caused bodily injury to Rasco by striking her with broken glass. In the second information, the State alleged with greater specificity the various methods by which the *same assault* was committed. The second information alleged, in three paragraphs, that appellant intentionally and knowingly caused injury to Rasco by striking her with broken glass, by hitting her in the stomach, and by striking her about the head and face. A fourth paragraph alleged that appellant recklessly caused bodily injury to Rasco in the same transaction by overturning a table causing it to strike her in the back. We note that in his brief, appellant, himself, states that his arrest under the first information was for the "same offense" alleged in the second information.

As in *Rosebury, supra,* there was *one case* based upon a single offense arising out of one transaction. Appellant's waiver of rights under the Speedy Trial Act was effective with respect to both informations filed and the prosecution under the second information. The trial court properly denied appellant's motion to dismiss the information.

Appellant's ground of error is overruled.

The judgment is affirmed.

**3.** The waiver in its entirety read as follows: "Defendant is aware of and understands the provisions of the Speedy Trial Act. Defendant, hereby, waives Defendant's rights under said statute, including the right to move for discharge."