**Theodore PARIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 917–83.

Court of Criminal Appeals of Texas,
En Banc.

April 25, 1984.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Sidney Crowley and Marie Von Krosigk, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Catheleen R. Riedel, Asst. State's Atty. State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted in a trial before the court of aggravated robbery and sentenced to 15 years imprisonment. The Court of Appeals for the 14th Supreme Judicial District, in Houston, affirmed appellant's conviction in an unpublished opinion rejecting appellant's assertion that the trial court erred in denying his motion to dismiss under the Speedy Trial Act, Art. 32A.02, V.A.C.C.P. We granted the appellant's petition for review to determine whether the Court of Appeals erred in its decision. We find that it did not and affirm appellant's conviction.

The docket sheet reflects the procedural chronological list of germane events as follows:

Dec. 20, 1978 A felony information in Cause Number 289,804 was filed against appellant for aggravated robbery. Appellant waived indictment.

Jan. 22, 1979 State announced "ready."

April 11, 1979 Appellant pled guilty; was found guilty and sentenced to 25 years in Cause Number 289,804 for the offense of aggravated robbery which was alleged to have occurred on Nov. 16, 1978.

Sept. 7, 1979 State announced "ready." The proceeding was reset for a competency hearing.

Sept. 14, 1979 Based on evidence from the competency hearing, appellant was allowed to withdraw his guilty plea; judgment and sentence were set aside and appellant was granted a Motion for New Trial.[1]

1. Art. 32A.02, V.A.C.C.P., provides in pertinent part: "(b) If a defendant is to be retried following a mistrial, *an order granting a new trial*, or an appeal or collateral attack, a criminal action

*Appellant filed a waiver of speedy trial.*[2]

Oct. 5, 1979 State announced "ready." *Appellant filed a waiver of speedy trial.*

Oct. 22, 1979 State announced "ready."

Jan. 28, 1980 Appellant was indicted in Cause No. 309,085 for the offense of aggravated robbery which was alleged to have occurred on Nov. 16, 1978.

Feb. 11, 1980 State's motion to dismiss the information in Cause Number 289,-804 was filed and granted.

Feb. 18—Aug. 26, 1980 Appellant's case was reset six times.

Aug. 26, 1980 A hearing was held on appellant's motion to dismiss under the Speedy Trial Act, Art. 32A.02, V.A.C.C.P., which was overruled.

Aug. 26, 1980 Appellant pled not guilty; waived a jury trial; was found guilty by the court and was sentenced to 15 years.

The issue before this Court is whether the appellant's earlier waiver of speedy trial in Cause No. 289,804 transferred to the indictment in Cause No. 309,085. This problem has previously been addressed by this court in *Rosebury v. State*, 659 S.W.2d 655 (Tex.Cr.App.1983), wherein we held that a waiver of speedy trial applies to the case (offense) not the transaction and thus a waiver of speedy trial executed under one indictment/information is valid as to a new indictment/information arising from the same transaction *only* if the two crimes are

the same offense. In *Rosebury*, supra, the defendant filed a waiver of speedy trial to the first two indictments which alleged possession of tetrahydrocannabinol. The third and final indictment alleged possession of marihuana. We noted that the facts of *Rosebury* revealed that only a single offense was involved; that is, only a single substance was possessed, a substance originally alleged to be tetrahydrocannabinol and subsequently found to be marihuana. We held that under the *facts* there was only one case: a single offense was committed and a single offense was alleged, although at first erroneously pleaded. We noted that had the appellant in *Rosebury* possessed both substances a different issue would be presented.

In the instant case, a *single* offense of aggravated robbery which occurred on November 16, 1978, was committed against a single victim and a single offense was alleged. Appellant previously waived a felony indictment for the offense and pled guilty to the felony information. Appellant was later allowed to withdraw his plea of guilty, the trial court set aside the judgment and sentence and a Motion for New Trial was granted. The docket sheet reflects that after the Motion for New Trial was granted, appellant filed a waiver of speedy trial twice: on September 14, 1979, and on October 5, 1979. On January 28, 1980, appellant was indicted for aggravated robbery, the same offense as in the earlier Cause Number 289,804.[3] In light of *Rose-*

commences for purposes of this article on the date of the mistrial, *the order granting a new trial* or the remand." (Emphasis added).

**2.** All emphasis throughout is supplied by the author of this opinion unless otherwise indicated.

**3.** The information in Cause No. 289,804 reads: "THEODORE ROOSEVELT PARIS hereinafter referred to as the Defendant, heretofore on or about November 16, 1978, did then and there unlawfully while in the course of committing theft of property owned by NANCY BIXLER, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and

exhibiting a deadly weapon, namely, a firearm."

and the indictment in Cause No. 309,085 reads: "THEODORE ROOSEVELT PARIS hereafter styled the Defendant, heretofore on or about NOVEMBER 16, 1978, did then and there unlawfully while in the course of committing theft of property owned by NANCY BIXLER, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm."

Both the information and the indictment are worded identically.

*bury,* supra, we hold that appellant's waiver of his rights under the Speedy Trial Act, Art. 32A.02, V.A.C.C.P., in Cause No. 289,804 applied to the indictment for the same offense in Cause No. 309,085.

The judgment of the Court of Appeals and the trial court are affirmed.