Lorenzo HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–83–784–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 4, 1984.

Rehearing Denied Nov. 1, 1984.

Clinton E. Wells, Jr., Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Lorenzo Hill appeals a jury conviction of aggravated robbery. In two grounds of error, he alleges that the trial court erred in denying his motion to dismiss for violation of the Speedy Trial Act and in denying his motion to suppress an in-court identification as tainted by an impermissibly suggestive one-on-one show-up in front of the complainant shortly after the arrest. We overrule these two grounds of error and affirm the judgment of the trial court.

This case arose out of the following facts. Billy Mack Samford, a security guard on duty, and his brother-in-law J. Frank Wesson, a civilian employee of the Houston Police Department, drove into a bank parking lot shortly after midnight to deposit an envelope of cash receipts in the bank's night deposit drawer. Samford, the driver, parked the car and walked to the bank while Wesson remained seated in the car. As Samford reached the deposit drawer, a masked assailant approached with a .38 Smith & Wesson pistol. Samford immediately placed the receipts in the drawer, turned and informed the assailant that he no longer possessed the money. The assailant motioned Samford toward the parked car, and as Samford turned, the assailant fled. During this incident Wesson remained on the passenger side of the car approximately thirty (30) feet away and was neither approached nor threatened by the assailant.

Samford and Wesson immediately contacted the Houston Police Department and gave a detailed description of the assailant, including height, weight, clothes, type of revolver, color of skin, and color of eyes. Within approximately one and a half hours, the police located appellant and produced him for a one-on-one show-up before Samford and Wesson at which Samford positively identified appellant as the gunman at the bank. Samford also made a positive identification at trial.

After appellant's arrest on May 3, 1983, the Harris County Grand Jury returned an indictment but listed the victim of the robbery as *J. Frank Wesson*. The appellant signed a waiver of his right to a speedy trial in this cause and remained in custody in the Harris County jail awaiting trial set for September 6, 1983. On September 6, the State asked that the trial be reset for October 10, 1983, so that appellant could be reindicted with the correct name of the victim as *Billy Mack Samford*. On September 8, 1983, appellant was reindicted in a new cause which correctly listed the victim as Samford. On September 27, 1983, the State moved to dismiss the previous indictment.

In his first ground of error, appellant asserts that the trial court erred in denying his motion to dismiss the second indictment for violation of the Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1984). Appellant contends that the two indictments (one listing Wesson and the other listing Samford as victim) apply to two entirely different cases arising out of the same transaction; therefore, the waiver of the right to a speedy trial filed with the earlier indictment does not apply to the later indictment obtained 128 days after appellant's arrest. *See Paris v. State*, 668 S.W.2d 411, 412 (Tex.Crim.App. 1984); *Rosebury v. State*, 659 S.W.2d 655, 657 (Tex.Crim.App.1983). The State replies that the indictments refer to the exact same case, but the first indictment was erroneously pleaded and later corrected in the second indictment to include the proper name of the victim.

In *Rosebury*, appellant was indicted for possession of "tetrahydrocannabinol other than marijuana," and he signed a waiver of speedy trial rights. Subsequently, the State discovered the controlled substance to be marijuana and reindicted appellant in a new cause listing the correct name of the drug. The Court of Criminal Appeals upheld the trial court's denial of appellant's motion to dismiss for violation of the Speedy Trial Act, saying that under the facts there was only one case. The court viewed the situation as a single offense that was at first erroneously pleaded, and it noted that if appellant had possessed *both* drugs a different issue would arise. *Id.* The court determined that the waiver of a speedy trial in the first cause also applied to the subsequent cause. *Paris* follows *Rosebury* on this issue.

The crucial point of contention in the instant case is whether the circumstances relate to the same or different cases. We are of the opinion that the facts describe only one case. If the gunman had robbed *both* Samford and Wesson, appellant's argument that the indictments applied to separate cases would be more credible. Wesson was never approached nor threatened. The encounter with the assailant encompassed only *one* victim; therefore, we view the facts as a single offense that was at first erroneously pleaded. We follow the *Rosebury* and *Paris* analysis and hold that appellant's waiver of a speedy trial in the first indictment extended to the second indictment. Appellant's first ground of error is overruled.

In his second ground of error, appellant asserts that the trial court erred in denying his motion to suppress the in-court identification as tainted by an impermissibly suggestive one-on-one show-up in front of Samford and Wesson shortly after the robbery. Samford and Wesson provided the police with a detailed description immediately following the holdup. They testified in court that they were certain of their identification of appellant at the time of the arrest. Appellant relies upon the brevity of the robbery and minor discrepancies in the wit-

nesses' testimony as the basis for asserting that the one-on-one show-up was impermissibly suggestive.

The criteria for assessing the suggestiveness of these confrontations are set out in *Garza v. State*, 633 S.W.2d 508, 513 (Tex.Crim.App.1982). These criteria include (1) opportunity to view, (2) degree of attention, (3) accuracy of description, (4) witness's level of certainty, and (5) the time between the offense and the show-up. Any discrepancy or weakness in the testimony goes to the weight and credibility of the evidence, factors exclusively within the domain of the trier of fact. Examination of the record in light of the above criteria reveals that the one-on-one show-up was not impermissibly suggestive. Therefore, appellant's second point of error is also overruled.

The judgment of the trial court is affirmed.