Peter T. LUFFRED, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0287–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1984.

Ken McClean, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Robin Brown, Harris County Asst. Dist. Attys., Houston, for appellee.

Before COHEN, LEVY and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a conviction for the offense of aggravated robbery. A jury previously convicted appellant in this cause on January 15, 1980, but that conviction was reversed and remanded by the Fourteenth Court of Appeals on September 21, 1982. On March 13, 1984, appellant entered a plea of nolo contendere to the indictment and was found guilty a second time.

Appellant brings a single ground of error contending that the trial court erred in denying his motion to dismiss the indictment because he was not given a speedy trial. *See* Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1984). Appellant bases his argument solely upon the handling of his case after its remand from the Court of Appeals. He contends that the state's announcement of its readiness for trial was rebutted by evidence that his case had not been assigned to any member of the District Attorney's office, that subpoenas had not been issued, and that witnesses had not been contacted during the 120-day period following the remand. *See id.* at sec. 2(b).

Appellant candidly directs our attention to his written waiver of a speedy trial filed in this cause on December 3, 1979, and to *Paris v. State*, 668 S.W.2d 411 (Tex.Crim. App.1984) and *Rosebury v. State*, 659 S.W.2d 655 (Tex.Crim.App.1983), cases dealing with the scope of such waivers.

*Paris* held that a waiver of speedy trial filed in a case proceeding under a felony complaint carried over to the subsequent felony indictment for the same offense. *Rosebury* held that speedy trial waivers filed in prosecutions for delivery and possession of tetrahydrocannabinols and tetrahydrocannabinol other than marijuana reached a subsequent reindictment for possession of marijuana. The court reasoned that there was only one case against Rosebury. A single offense was committed and a single offense was alleged. It concluded that the waiver reached the subsequent reindictment of the same offense. 659 S.W.2d at 657.

Appellant asserts that differences in the facts distinguish *Paris* and *Rosebury* from the instant case. We disagree. These authorities establish that a defendant's waiver of his right to a speedy trial goes to the prosecution of the offense then pending against him. The indictment, the first conviction, the remand, and the second conviction are all different facets of the same case against appellant. The waiver of appellant's right to a speedy trial therefore reaches delays occurring after the remand of his initial conviction.

Appellant's ground of error is overruled and the judgment of the trial court is affirmed.