Benard August LUEDKE, Jr.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 66722.

Court of Criminal Appeals of Texas,
En Banc.

May 7, 1986.

Dan Francis, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Merrilee L. Harmon, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

A jury found appellant guilty of the felony offense of driving while intoxicated and assessed punishment at confinement for five years.

Appellant contends that the trial court erred in failing to dismiss the indictment because he had been denied a speedy trial under the provisions of Art. 32A.02, V.A.C.C.P.

Appellant was arrested on October 17, 1979, and charged by complaint and information on October 30, 1979, with the misdemeanor offense of driving while intoxicated. On January 4, 1980, appellant waived his right to speedy trial and was granted a continuance. Thereafter, appellant was granted two more continuances on the misdemeanor charge. On February 21, 1980, an indictment was filed alleging that appellant had committed the felony offense of driving while intoxicated. This offense arose out of the same transaction that was the basis of the misdemeanor charge. Appellant filed a motion to dismiss the indictment because the State had not complied with the provisions of Art. 32A.02. On March 28, 1980, the State dismissed the misdemeanor charge. On April 3, 1980, the State announced ready on the felony charge and the court overruled appellant's motion to dismiss.

Appellant contends that, because more than 120 days elapsed between his arrest on October 17, 1979, and both the indictment on February 21, 1980, and the State's announcement of ready on April 3, 1980, he was denied a speedy trial, and the indictment should have been dismissed. Art. 32A.02, Sec. 1(1). The State responds that appellant's waiver of speedy trial and continuances as to the misdemeanor offense that arose out of the same transaction carry over to the felony offense.

Recent pronouncements in the area of the Texas Speedy Trial Act provide the framework within which appellant's claim must be reviewed. In *Paris v. State*, 668 S.W.2d 411 (Tex.Cr.App.1984) and *Rosebury v. State*, 659 S.W.2d 655 (Tex.Cr.App. 1983) we held that "a waiver of speedy trial executed under one indictment/information is valid as to a new indictment/information arising from the same transaction *only* if the two crimes are the same offense." 668 S.W.2d at 412. In *Rosebury*, the defendant possessed only one controlled substance, and, therefore, only a single offense was committed. The indictment initially alleged a different substance than was actually possessed. The first indictment was essentially erroneous. See *Ward v. State*, 659 S.W.2d 643 (Tex.Cr.App.1983). We noted that had the defendant possessed both substances a different issue would be presented.

In *Paris*, we held that the defendant's waiver of speedy trial to a felony information applied to the subsequent indictment for the same offense. We reiterated that the same offense, was charged in both the felony information and the indictment.

In *Carr v. State*, No. 337–83 (delivered September 19, 1984), the defendant was initially indicted for theft. Much later, the defendant was indicted for burglary, an offense that arose out of the same transaction as the theft. The indictment for theft was subsequently dismissed. We said:

"There is a distinction between successive indictments for the same offense and a subsequent indictment for a different offense. As we held in *Ward, Paris,* and *Rosebury,* supra, when the latter indictment alleges the same offense, or where the facts show that only a single offense has been committed, the State's announcement of ready on the earlier indictment, or the defendant's waiver of speedy trial on the earlier indictment, will be effective. Conversely, when the subsequent indictment alleges a primary offense that is different from the one alleged in the earlier charging instrument, and the facts show that both offenses were in fact committed in one transaction, we hold that the State's timely announcement of ready on one offense does not constitute an announce-

ment of ready on the second, different offense arising out of the same transaction."

The focus of our inquiry, then, is whether the felony offense of driving while intoxicated is a different offense from the misdemeanor offense of driving while intoxicated.

A prior conviction is an essential element of felony driving while intoxicated. *Clopton v. State*, 408 S.W.2d 112 (Tex.Cr.App. 1966); *Martinez v. State*, 163 Tex.Cr.R. 10, 288 S.W.2d 71 (1956); *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953). It is not an element of the misdemeanor offense. Therefore, different proof is necessary to support a conviction in each. Unlike *Perez v. State*, 678 S.W.2d 85 (Tex.Cr. App.1984), wherein we held that a punishment allegation used for enhancement purposes does not constitute a new or different offense, the prior conviction is, in the instant case, an element of the felony offense itself, and must be proved at the guilt-innocence stage of trial in order to authorize a conviction. *Hill*, supra.

In *Gant v. State*, 606 S.W.2d 867 (Tex. Cr.App.1980) we held that under V.T.C.A., Penal Code, Sec. 31.03(d)(4)(C) [1] a *new offense* of a felony grade was created. This provision is similar to the felony offense of driving while intoxicated in that allegation and proof of prior theft convictions elevates the theft offense to a felony, just as the allegation and proof of a prior conviction for driving while intoxicated elevates that offense to a felony under Art. 67011–

2, V.A.C.S.[2] Under the rationale of *Gant,* the felony offense of driving while intoxicated is a different offense than misdemeanor driving while intoxicated. See *Diamond v. State*, 530 S.W.2d 586 (Tex.Cr. App.1975); *Hill*, supra.

Turning to the instant case we find that both offenses were actually "committed" in one transaction. The State had the option, upon appellant's arrest on October 17, 1979, to charge the misdemeanor or the felony offense. Similarly, in *Carr*, supra, the State initially could have charged burglary instead of theft. Once the State chose, the speedy trial waivers and continuances made under the charged offense applied only to the charged offense. Appellant's waiver of speedy trial on the misdemeanor offense did not constitute a waiver on the subsequent indictment for the felony offense.

Although the prior conviction has the effect of elevating the offense to a felony, it is a historical fact, as an element of the offense, and not merely a punishment consideration. It must, as any essential element of an offense must, be taken into account in determining whether the State is indeed ready. The prescribed period of time within which the State must be ready for trial may not be extended by stringing out successive "reindictments" unless the State can exclude time under the exceptions permitted by the Legislature in Art. 32A.02. *Rosebury*, supra, (Clinton, J., con-

---

1. Sec. 31.03(d)(4)(C) provided:
   "(d) Except as provided by Subsection (e) of this section, an offense under this section is:
   \*  \*  \*  \*  \*  \*
   (4) a felony of the third degree if:
   \*  \*  \*  \*  \*  \*
   (C) the value of the property stolen is less than $750 and the defendant has been previously convicted two or more times of any grade of theft; ...."

2. At the time of the offense, Art. 67011–2, V.A. C.S. provided:
   "Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle upon any public road or highway in this state, on a beach as defined in the Uniform Act Regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), or upon any street or alley within an incorporated city, town or village, while intoxicated or under the influence of intoxicating liquor, and who shall thereafter drive or operate an automobile or other motor vehicle upon any public road or highway in this state, on a beach as defined in the Uniform Act Regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall for each and every subsequent·such violation be guilty of a felony; ...."

curring); *Durrough v. State*, 620 S.W.2d 134 (Tex.Cr.App.1981).

The commencement of the criminal action occurred on October 17, 1979. Art. 32A.02, Sec. 1(1). The indictment was filed on February 21, 1980, more than 120 days after that commencement. The State could not have been ready for trial without an indictment. In addition, the State announced ready on April 3, 1980, a date long past 120 days after the commencement of the action. The State does not point to any time excludable under Art. 32A.02.

Appellant is entitled to relief under the provisions of Art. 32A.02, V.A.C.C.P. The judgment of the trial court is reversed, the indictment is ordered dismissed, and appellant is discharged under the terms of the Speedy Trial Act. Art. 28.061, V.A.C.C.P.

McCORMICK, and WHITE, JJ., dissent.

MILLER, J., not participating.