John B. Holmes, Jr., Dist. Atty. & Roe Morris & Robin Brown, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

Peter T. LUFFRED, Appellant,

v.

The STATE of Texas, Appellee.

No. 094–85.

Court of Criminal Appeals of Texas, En Banc.

June 3, 1987.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of aggravated robbery. The Fourteenth Court of Appeals reversed the conviction and remanded the case to the trial court. *Luffred v. State*, 642 S.W.2d 242 (Tex.App.—Hous.[14th] 1982). Appellant then pleaded nolo contendre to the indictment and was found guilty again. The First Court of Appeals affirmed the conviction. *Luffred v. State*, 682 S.W.2d 669 (Tex.App.—Hous.[1st] 1984).

In his petition for discretionary review appellant contends that the First Court of Appeals erred in holding that his written waiver of speedy trial, initiated before the first trial of this cause, still applied to the case after it was remanded from the Fourteenth Court of Appeals.

Appellant waived his right to a speedy trial under the provisions of Art. 32A.02, V.A.C.C.P., on December 3, 1979, prior to the first trial of this cause. Appellant contends that this waiver does not carry over to the case on remand after reversal. Appellant points to Art. 32A.02, Sec. 2(b) which states:

> If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting a new trial, or the remand.

The Court of Appeals relied upon *Paris v. State*, 668 S.W.2d 411 (Tex.Cr.App.1984) and *Rosebury v. State*, 659 S.W.2d 655 (Tex.Cr.App.1983) to hold that the waiver of speedy trial "goes to the prosecution of the offense then pending against him. The indictment, the first conviction, the remand, and the second conviction are all different facets of the same case against appellant." We agree with appellant that the Court of Appeals is incorrect and that *Paris*, supra, and *Rosebury*, supra, are inapplicable to a case provided for by Art. 32A.02, Sec. 2(b).

In *Rosebury*, supra, the defendant was indicted, waived his right to a speedy trial and pleaded guilty. His conviction was overturned on appeal and he was reindicted, again waived his speedy trial rights, and was then reindicted again and convicted pursuant to this third indictment. We held, without distinguishing between the two, that the waiver of speedy trial made by appellant in the first two indictments applied to the third indictment because all the indictments were, on the facts, for the same offense. The issue as to the application of the first waiver, made pursuant to the first indictment which resulted in a conviction and then a reversal, was not separated from the application of the second waiver made pursuant to the second indictment which was then reindicted and a conviction had. Rosebury did not address the ramifications of reversal and Art. 32A.02, Sec. 2(b). *Rosebury*, supra, is correct because the second waiver, made after the reversal, would "carry over" to the third reindictment.

In *Paris*, supra, the defendant was convicted of aggravated robbery upon a felony information. That conviction was set aside when the trial court granted a Motion for New Trial. *After* this motion was granted, the defendant waived his right to a speedy trial. Appellant was then *indicted* for the same offense. Following *Rosebury*, supra, we held that since the felony information and the indictment were for the same case or offense, the waiver made pursuant to the felony information applied to the indictment. Cf. *Behrend v. State*, 729 S.W.2d 717 (Tex.Cr.App.1987) concerning the "case" issue. Again, we did not address the application of Art. 32A.02, Sec. 2(b), to the waiver. The issue was not presented by the case.

■ Art. 32A.02, Sec. 2(b) states that "a criminal action commences for the purposes of this Article on the date of ... the remand." This clearly states that all of the considerations of the Speedy Trial Act begin anew. The State is given a fresh time period within which to ready their case for trial, whether that be to correct the errors which caused reversal, contact witnesses or reindict a defendant. When "a criminal action commences" under Art. 32A.02, the time limits and considerations behind the Act begin. So too, once the case is remanded for retrial all that preceded the remand is removed from further consideration under the Act. Cf. *McMahon v. State*, 630 S.W.2d 730, 736 (Tex.App.—Houston [14th] 1982). See *Rosebury*, 659 S.W.2d at 659, Clinton, J., concurring. The case is essentially a new case for the purposes of the Speedy Trial Act. Therefore, "[i]f a defendant is to be retried following ... an appeal, ... a criminal action commences for purposes of this article on the date of the ... remand." The time limits, the ex-

clusions and the right to waive, begin again on that date.

■ The Court of Appeals erred in holding appellant's waiver before the reversal to apply to the case after remand. Art. 32A.02, Sec. 2(b), V.A.C.C.P.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals to address the merits of appellant's speedy trial claim in light of this opinion.

ONION, Presiding Judge, concurring in part and dissenting in part.

I concur in the result reached by the majority as far as it went, but I dissent to the remand to the Court of Appeals. This matter should be concluded here and now.

TEAGUE, J., joins this opinion.