Peter T. LUFFRED, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0287–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1987.

Ken J. McLean Houston, for Luffred.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Robin Brown, Harris County Asst. Dist. Attys., Houston, for the State.

Before EVANS, C.J., and COHEN and HOYT, JJ.

OPINION ON REMAND

PER CURIAM.

A jury previously found appellant guilty of aggravated robbery. Punishment was assessed at 99 years confinement. The Fourteenth Court of Appeals reversed that conviction and remanded the case to the trial court. *Luffred v. State*, 642 S.W.2d 242 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant then pleaded nolo contendere to the indictment, was found guilty and sentenced to 15 years confinement. This Court affirmed the conviction in *Luffred v. State*, 682 S.W.2d 669 (Tex.App. —Houston [1st Dist.] 1984, pet. granted). There, we disagreed with appellant's contention that his written waiver of speedy trial filed in the first trial did not carry over to the case on remand after reversal. On appellant's petition for discretionary review, however, the Court of Criminal Appeals reversed and remanded, holding that "[t]he case [on remand] is essentially a new case for purposes of the Speedy Trial Act" and that the time limits under the Act begin on the date of remand. *Luffred v. State*, 730 S.W.2d 759 (Tex.Crim.App., 1987).

On July 1, 1987, the Court of Criminal Appeals decided *Meshell v. State*, No. 1339–85 (Tex.Crim.App., July 1, 1987) (not yet reported), which held the Speedy Trial Act unconstitutional as a violation of separation of powers. The court held both the Act, Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1987), and its enforcement provision, Tex.Code Crim.P.Ann. art. 28.061 (Vernon Supp.1987), void. The *Meshell* decision, thus, rendered the Court of Criminal Appeals' holding in this case a nullity. Appellant's speedy trial claim is without merit.

The judgment is affirmed.