**Charles Gregory RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00300–CR.**

Court of Appeals of Texas, Dallas.

Feb. 1, 1982.

Discretionary Review Refused May 19, 1982.

Nikki DeShazo, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction of burglary of a vehicle, enhanced, with punishment assessed at life. Appellant advances seven grounds of error; we address only his contention that the trial court erred in failing to set aside the indictment under the

Speedy Trial Act. We agree, and accordingly reverse with instructions to dismiss.

This case was called for trial on February 20, 1980, at which time the appellant presented his motion to set aside the indictment under Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1982). A hearing on said motion was held and at the conclusion of the hearing the court denied the motion.

Article 32A.02 (Speedy Trial Act) provides in part:

Section 1. A court shall grant a motion to set aside an indictment, ... if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Section 2. (a) ... a criminal action commences for purposes of this article when an indictment ... against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond *to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.* (Emphasis supplied).

The record shows that the appellant was arrested for the transaction out of which the instant case arose on July 3, 1978. The indictment in this case, charging the appellant with the offense of burglary of a vehicle, was returned on November 28, 1979, some 512 days after the criminal action commenced on July 3, 1978. At the hearing on the motion to set aside the indictment the state did not announce that it had been ready within 120 days after July 3, 1978, as required. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). Further, the state offered no evidence to show why it was not ready within the 120 days so as to bring it within any of the exceptions under Section 4 of Art. 32A.02, *supra*, that would have excluded periods of time where the State was required to be ready. *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980).

The State, in effect, argues that the instant case is "reindictment" of Cause No. F–78–6913–1H where the appellant was indicted on July 26, 1978, for the offense of theft (3rd degree) arising out of the same transaction as the instant case of burglary of a vehicle. The State suggests that the announcements of ready, filed in writing, in Cause No. F–78–6913–1H, and the agreed continuances in Cause No. F–78–6913–1H should be carried forward to the instant case because it is a "reindictment". Although both F–78–6913–1H and the instant case have the same complaining witness, they are different offenses subject to different proof, and therefore are not the "same case" even though they are from the same transaction. Consequently, the announcements of ready in one case will not apply to the other case.

We conclude, under the circumstances of the instant case, that appellant is entitled to relief under the provisions of Article 32A.02 *supra*. The judgment is reversed, the prosecution ordered dismissed and the appellant discharged in accordance with the provisions of the Speedy Trial Act.