Bobbie Gene **TURNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–81–0648–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 23, 1982.

Discretionary Review Granted Jan. 5, 1983.

Zinetta Burney, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before WARREN, DOYLE and PRICE, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of tampering with a witness. The court, after finding that appellant had two prior convictions, assessed punishment of life imprisonment.

■ The controlling question in this appeal is whether, under the Speedy Trial Act, an announcement of ready on one offense arising out of a transaction constitutes an announcement of ready on an unindicted offense arising out of the same transaction. We hold that it does not and accordingly reverse and order this cause dismissed.

Appellant and Eva Joe Workman were arrested on August 28, 1980 for the offense of burglary of a habitation. Eva Joe Workman made a written confession implicating both herself and appellant, after which she was released on her personal recognizance and never indicted. Appellant was indicted and released on bond.

On November 18, 1980, appellant entered a U-To-Tem Store in College Station, where Eva Joe was working and asked her for money. After she refused to give him money, he struck her and threatened to kill her if she testified against him in the burglary case.

On November 20, appellant was arrested and charged with the offense of retaliation because of the November 18th incident at the U-To-Tem Store. Following is a timetable concerning the State's activity in the charges arising from the U-To-Tem incident.

| | |
|---|---|
| Indicted for retaliation: | February 12, 1981 |
| State announced ready for trial on the retaliation indictment: | March 5, 1981 |
| Re-Indictment for retaliation: | April 16, 1981 |
| Indicted for tampering with a witness and reindicted for retaliation: | May 14, 1981 |
| Tried for tampering with a witness: | May 28, 1981 |

As the timetable shows, appellant was indicted for tampering with a witness 175 days after his arrest on November 20, for the U-To-Tem incident.

■ The State does not contend that there was newly available evidence, newly discovered evidence or give any other reason or explanation why it was unable to indict or try appellant within the period prescribed by Chapter 32A.02, V.A.C.C.P., Speedy Trial Act. Since the facts necessary to charge appellant with tampering with a witness were available to the State at the same time as those enabling it to arrest for retaliation, the commencement time under the Speedy Trial Act would be the same. Appellant's indictment for tampering with a witness after previously being indicted for retaliation is not a reindictment and the

failure to be ready for trial within 120 days from the date of the arrest for the U-To-Tem incident causes the offense to be barred by the Speedy Trial Act. *Richardson v. State,* 629 S.W.2d 164 (Tex.App.—Dallas 1982, disc. rev. ref'd). The fact that appellant was not indicted for tampering with a witness for 175 days after appellant was arrested is a prima facie showing that the State was not ready on that offense within 120 days, as required by the Speedy Trial Act. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980).

Appellant's first ground of error alleges that the trial court erred in overruling his pre-trial motion to set aside the indictment for violation of his right to a speedy trial under the Speedy Trial Act. We agree. Since our holding on this ground of error is dispositive of this appeal, it is unnecessary for us to consider the remaining grounds presented.

This ground of error is sustained, the judgment is reversed and the charge dismissed.