John Stephen McCLINTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 244–83.

Court of Criminal Appeals of Texas,
En Banc.

May 25, 1983.

Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall & Richard B. Roper, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION CONCURRING IN REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In overruling appellant's first ground of error claiming denial of rights under the Texas Speedy Trial Act, the Fort Worth Court of Appeals, 647 S.W.2d 400, found that appellant executed three waivers of those rights after he had been reindicted. Accordingly, the court held: "These three separate and binding waivers of McClinton's right to a speedy trial under art. 32A, [sic][1] are dispositive of McClinton's alleged ground of error." With that holding I completely agree and, since we are refusing the petition for discretionary review, I take it that my Brothers concur.

My purpose in writing is to point out that, having thus held that appellant effectively waived his speedy trial rights, the court was not required to address the question of whether the State was ready for trial at pertinent times; so its answer is pure *obiter dictum.* Moreover, while it is true that a June 10, 1981 announcement of ready by the prosecutor "established *prima facie* that the State was in fact ready for trial" on that day, the implied finding by the court that on account of such June 10 announcement the State continued to be ready at all times thereafter is at odds with the conclusion of this Court in *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979) that "once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial then and at the times required by the Act," *id.,* at 542.

In that connection, I also observe that *Durrough v. State,* 620 S.W.2d 134 (Tex.Cr. App.1981), cited by the State in its reply to petition for review, does not support its assertion that its June 10 announcement of ready "would carry forward" through a period of time following reindictment. In *Durrough* the Court construed subsection (7) of Article 32A.02, § 4, dealing with periods of delay following dismissal of a charge, and applied its construction to periods of continuance requested by an accused while the prior charge was pending, *id.,* at 139–140. Indeed, the "continuously ready" problem is presently pending resolution by this Court in, e.g., *Denson v. State* (Tex.Cr. App., No. 63,428, delivered July 7, 1982); compare *Richardson v. State,* 629 S.W.2d 164 (Tex.App.—Dallas 1982, petition refused).

With these comments I concur in refusing appellant's petition for discretionary review.

1. No doubt the court intended Chapter 32A.