**Troy Vonroe PRESLEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–432–CR.**

Court of Appeals of Texas, Fort Worth.

March 21, 1985.

James M. Stanley, Fort Worth, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas, for the State.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

A jury found appellant guilty of aggravated rape, Children and Minors, ch. 202, sec. 1, 1981 Tex.Gen.Laws 471, *repealed by* Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex.Gen.Laws 5311, 5321, and the trial

judge sentenced him to seventy-five years confinement in the Texas Department of Corrections.

Judgment affirmed.

Appellant presents five grounds of error. Ground of error one contends appellant's motion to dismiss the indictment should have been granted because he was not granted a speedy trial.

Specifically, appellant contends that the State was not ready for trial within the statutory time period because 134 days after appellant's arrest, the State re-indicted appellant for aggravated rape, which he asserts is a different offense.

Appellant was arrested on October 31, 1982, for the rape of an eleven-year-old girl on the same date. On December 13, 1982, an indictment was returned in Cause No. F–82–79999 charging rape of a child, a second degree felony. On December 17, 1982, the State announced ready for trial. Again, on January 10, 1983, the State announced ready. On March 14, 1983, another indictment was returned in Cause No. F–83–97990 charging aggravated rape, a first degree felony, and also contained an enhancement count. On March 17, 1983, the State filed an announcement of ready in F–83–97990. On August 15, 1983, another indictment was returned in Cause No. F–83–96123 again charging aggravated rape and containing an enhancement count. On August 19, 1983, the State filed an announcement of ready in F–83–96123.

Appellant filed a motion to dismiss the indictment pursuant to TEX.CODE CRIM. PROC.ANN. art. 32A.02 (Vernon Pamp. 1966–1985). A hearing was held on such motion on August 26, 1983, and the motion was denied. All three indictments related to the same transaction and at the conclusion of the hearing on August 26, 1983, the trial judge announced that the motion to quash the cases other than F–83–96123 was granted.

Article 32A.02 states in pertinent part that the court shall set aside an indictment if the State is not ready for trial within 120 days of the commencement of a criminal action if the defendant is accused of a felony. In this case the criminal action commenced upon the arrest of appellant on October 31, 1982. See Lee v. State, 641 S.W.2d 533, 535 (Tex.Crim.App.1982). The article further provides delays resulting from continuances granted with the consent of the defendant or his counsel shall be excluded, as well as reasonable delays justified by exceptional circumstances. Id.

At the hearing, appellant introduced into evidence the files of the Dallas County District Clerk for the three indictments listed above. The attorney for the State testified that after the announcement of ready on December 17, 1982, it took two to three weeks to obtain an F.B.I. "rapsheet." There were discussions with appellant's attorney during about a one-month period concerning the possibility of a polygraph test. It took over a month to get penitentiary packets from North Carolina after the "rapsheet" was received. The second indictment was submitted to the Grand Jury on February 25, 1983, and reported out on March 14, 1983. The docket sheet for Cause No. F–82–79999 shows resettings by agreement from January 3, 1983, to May 16, 1983; resettings from May 10, 1983, to July 25, 1983, do not reflect if by agreement; resettings from July 25, 1983, to August 29, 1983, are shown to be by agreement. The transcript contains a number of agreements for continuance signed by the attorneys for the State and appellant.

The State timely filed an announcement of ready on the original indictment which alleged rape of a child, a second degree felony. Appellant was subsequently re-indicted for the first degree felony of aggravated rape of a child, and an enhancement allegation was added. At the time of the offense, TEX.PENAL CODE ANN. sec. 21.09 (Vernon 1974) provided that a person commits the offense of rape of a child if he has sexual intercourse with a female not his wife and she is younger than seventeen years. See ch. 342, sec. 8, 1975 Tex.Gen. Laws 912, 914, repealed by Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex.Gen.Laws, 5311, 5321. Additionally, TEX.PENAL CODE ANN. sec. 21.03 (Vernon 1974) pro-

vided that a person commits the offense of aggravated rape if he commits rape of a child as defined in sec. 21.09, and the victim is younger than fourteen years. *See* Children and Minors, ch. 202, sec. 1, 1981 Tex. Gen.Laws 471 (repealed 1983). It is undisputed in the instant case that at the time of the offense, the victim was younger than 14 years. The issue before us is whether the State's announcement of ready on the first indictment carried forward and constituted an announcement of ready under the third indictment, Cause No. F–83–96123.

Our research reveals that the Texas Court of Criminal Appeals has granted motions for rehearing in two cases that originally resulted in that Court issuing seemingly inconsistent opinions regarding the question of when the State's announcement of ready carries forward to subsequent indictments. *See Carr v. State*, No. 337–83 (Tex.Crim.App., Sept. 9, 1984) (reh'g granted) (not yet reported); *Denson v. State*, No. 63,428 (Tex.Crim.App., July 7, 1982) (reh'g granted) (not yet reported).

*Denson* dealt with a situation wherein the defendant was first indicted for murder and later re-indicted for aggravated robbery, both offenses arising out of this transaction. *Id.* at p. 1 (slip opinion). The State's announcement of ready on the murder charge was held to apply to the aggravated robbery case, with the court opining:

> Since the Speedy Trial Act takes into account and treats together all offenses arising in the same transaction, announcements of ready or continuances granted concerning one offense will apply to another offense when both offenses arose out of the same transaction. There is no dispute that the offenses of robbery and murder here arise out of the same transaction. The trial court did not err in overruling appellant's motion to dismiss the indictment.

*Id.* at p. 3 (slip opinion).

The Court of Criminal Appeals revisited this issue in *Carr*, wherein the defendant was initially indicted for theft and later re-indicted for burglary, both offenses arising out of the same transaction. *Carr* at p. 1 (slip opinion). The Court reached a conclusion contrary to *Denson* holding:

> There is a distinction between successive indictments for the same offense and a subsequent indictment for a different offense. As we held in *Ward* [*Ward v. State*, 659 S.W.2d 643 (Tex.Crim.App. 1983) ], *Paris* [*Paris v. State*, 668 S.W.2d 411 (Tex.Crim.App.1984) ], and *Rosebury* [*Rosebury v. State*, 659 S.W.2d 655 (Tex. Crim.App.1983) ], supra, when the latter indictment alleges the same offense, *or where the facts show that only a single offense has been committed,* the State's announcement of ready on the earlier indictment, or the defendant's waiver of speedy trial on the earlier indictment, will be effective. Conversely, when the subsequent indictment alleges a primary offense that is different from the one alleged in the earlier charging instrument, and the facts show that both offenses were in fact committed in one transaction, we hold that the State's timely announcement of ready on one offense does not constitute an announcement of ready on the second, different offense arising out of the same transaction. [Emphasis added.]

*Id.* at p. 5 (slip opinion).

Given this dichotomy of case law regarding when the State's announcement of ready carries forward under the Speedy Trial Act, we note that it appears to have been established by the Court of Criminal Appeals that the critical feature for purposes of determining whether an act by either party on the first indictment should carry over to any succeeding indictments is whether the indictments "are subject to the same proof". *See Perez v. State*, 678 S.W.2d 85, 87 n. 2 (Tex.Crim.App.1984) (Clinton, J. dissenting) (citing *Richardson v. State*, 629 S.W.2d 164 (Tex.App.—Dallas 1982, pet. ref'd). In *Richardson* (the reasoning of which was approved in the majority opinion in *Perez*, 678 S.W.2d at 86), the Court compared the two indictments, stating:

> Although both [the original cause number] and the instant case have the same

complaining witness, *they are different offenses subject to different proof,* and therefore are not the "same case" even though they are from the same transaction. Consequently, the announcements of ready in one case will not apply to the other case. [Emphasis added.]

*Richardson,* 629 S.W.2d at 165.

■ Although in the instant case the appellant was alleged to have violated two separate Penal Code sections, the facts underlying the two violations are identical: both violations involved the commission of the same prohibited acts against the same complaining witness during the course of one transaction. The only difference between the requisites of the Penal Code sections is that in order for the State to convict a defendant for the offense of rape of a child, the victim must have been under the age of seventeen years, whereas the aggravated rape statute required the child to have been under the age of fourteen years. Obviously, at the time of the offense the victim was a certain fixed age (under the age of fourteen); therefore, the subsequent indictments did not enlarge upon the State's burden of proof or curtail any of appellant's available defenses. The State's preparation for trial was in no way affected by the substitution of the greater offense in the subsequent indictment. We hold that under the particular facts of this case, there was only one case based upon a single offense arising out of one transaction. Accordingly, the State's announcement of ready from the earlier indictment constituted an announcement of ready on the second and third indictments arising out of the same transaction.

■ When the State announces ready during the statutory period, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State,* 659 S.W.2d 828, 830 (Tex.Crim.App. 1983). This the appellant failed to do. There is no evidence that the State delayed the trial of the case other than those delays occasioned by time involved in obtaining the "rapsheet", penitentiary packets, re-in-

dictment by the Grand Jury, discussions concerning a polygraph test, and agreed continuances. Appellant's first ground of error is overruled.

■ Appellant's second ground of error asserts the trial court erred in permitting the prosecutor to give testimony concerning a polygraph test at the hearing on appellant's speedy trial motion because the trial court would later assess punishment and such testimony is clearly inadmissible during the punishment phase of trial.

This matter was touched on in discussion of appellant's first ground of error. During the pretrial hearing, the prosecutor was in the process of explaining the delays in the trial and stated defense counsel wanted to have the defendant take a polygraph examination. Appellant's attorney objected to such testimony as being inadmissible and the trial court stated that while the objection was overruled, the results of a polygraph test, if one was given, would not be gone into. The prosecutor then continued to state that talks concerning a polygraph examination extended over a period for about a month. There was no testimony whether an examination was performed. The matter of the time of the polygraph negotiations was the subject of two later questions by appellant's attorney in cross examination of the prosecutor, but the record fails to show any other testimony, objection, or ruling concerning a polygraph examination.

It is apparent no error was committed by the trial judge in permitting the prosecutor to testify as to the time involved in negotiating with appellant's counsel concerning a polygraph examination. In allowing the testimony, the trial judge stated the results, if one was taken, would not be admitted. It is evident the testimony was permitted only for the purpose of explaining delay in the trial. Appellant's second ground of error is overruled.

■ Appellant's third ground alleges the trial judge erred in making statements to the jury panel on voir dire which might make them reluctant to express their true

feelings in responding to later questions by the court and the attorneys.

The trial court made a comprehensive explanation to the jury panel requiring some forty-one pages of the statement of facts. This explanation in effect included a statement that if a juror wanted to get off the case, he could lie and say he could not give a sentence of five years or could not give a sentence of life imprisonment. The particular statement which is the subject of the third ground is, "That's the kind of person we don't want on a jury, because he's a liar. That's how you can get off, if you want to." While the voir dire examination of the jury panel by appellant's attorney was not reported, the record shows the panel was fully examined as to whether the full range of punishment could be considered.

We hold there was no error on the part of the trial judge in making such explanatory statement; it was part of a wide ranging dissertation of the procedures which would probably be observed in the trial. There certainly has been no showing of how the appellant was harmed by such statement. Additionally, there was no objection to the statement of the trial judge and complaint is made for the first time on appeal. In the absence of an objection, nothing is preserved for review on appeal. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Crim.App. 1980). Appellant's third ground of error is overruled.

The fourth ground of error alleges the appellant was not afforded an opportunity to personally enter his plea of not guilty in front of the jury.

The record reflects the following:

THE COURT: Mr. District Attorney, present the indictment to the Jury.

MR. CHAPMAN: Members of the Jury, my name is Kevin Chapman. I'm the other Assistant District Attorney in this case. It's my duty at this time to read to you the true bill of indictment returned by the Dallas County Grand Jury in this case. It reads as follows. . . .

(Whereupon, the indictment was presented to the Jury by the reading of same by Mr. Chapman.)

THE COURT: Counsel for the defense, how does the Defendant plead to the indictment?

MR. STANLEY: Not guilty, Your Honor.

THE COURT: Let all the witnesses who intend to testify in this case come around and be sworn. Will the Rule of Evidence be invoked?

MR. STANLEY: Yes.

■ Again, no objection was made at time of trial and nothing is presented for review. *Nelson*, 607 S.W.2d at 255. However, in the interest of justice, we will address the ground presented. Appellant contends TEX.CODE CRIM.PROC.ANN. art. 26.11 (Vernon 1966) affords him the right to personally enter his plea. Such article provides:

The name of the accused having been called, if no suggestion, such as is spoken of in the four preceding Articles, be made, or being made is disposed of as before directed, the indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged.

*Id.*

Article 26.11, cited by appellant, concerns itself with the arraignment of the accused, not the plea before the jury. In the instant case if art. 26.11 requires the plea be made by the defendant personally, it was complied with. The record reflects:

THE COURT: Mr. District Attorney, arraign the Defendant.

(Whereupon, the Defendant was arraigned by the reading of the first paragraph of the indictment by Mr. Chapman in open Court.)

MR. CHAPMAN: ". . . that one Troy Vonroe Presley . . ." Is that your name?

THE DEFENDANT: Yes, sir.

(Whereupon, the arraignment was continued by the reading of the remainder of the first paragraph of the indictment by Mr. Chapman in open Court.)

THE COURT: Troy Vonroe Presley, how do you plead to the indictment? guilty or not guilty?

THE DEFENDANT: Not guilty.

TEX.CODE CRIM.PROC.ANN. art. 36.-01 (Vernon 1981) provides for the defendant's plea after a jury has been selected. Such article provides:

1. The indictment or information shall be read to the jury by the attorney prosecuting....

2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.

*Id.*

█ Neither party has cited any authority requiring or not requiring the plea in the presence of the jury be made by the defendant personally, and we are unable to find such authority. A literal reading of paragraph 2 of art. 36.01 would indicate that the plea should be stated by defendant's counsel. Under circumstances such as these, in the absence of any objection, the plea may be stated by the defendant's counsel. Appellant's fourth ground of error is overruled.

█ In his fifth ground of error, appellant contends the State did not prove a prima facie case of rape and his motion for instructed verdict should have been approved.

We must briefly review the evidence to address appellant's fifth ground. The complaining witness, S.H., testified she had just turned eleven years of age on October 31, 1982. She had gone to church that day and when she returned to her home she changed clothes, putting on a body suit and cape. She got on her bicycle to visit a friend in the neighborhood. Appellant, who· lived three houses away from S.H., called her and asked her to come in his house. She did so and closed the door at his request. He told her to sit on the couch, and he sat beside her. He kissed her on the lips and told her to lie down. She testified she laid down because she was scared that he would hurt her. He then unzipped his pants, told her to pull her body suit to one side, and penetrated her vagina with his penis until he ejaculated. He then got a towel, wiped her off, gave her two dollars, told her not to tell anyone or he would hurt her, and wanted to get her in bed anytime his wife was not there.

S.H. returned to her home and told her stepmother what had happened. The police were called, and S.H. was taken to a hospital and examined by a doctor. Dr. Ali Toofanian testified he worked as a medical doctor at Parkland Hospital and conducted a rape examination on S.H. on October 31, 1982. The outside and inside of her sex organ was swollen and irritated which was a sign that sex had occurred. He found sperm on both the outside and inside of the vagina. The stepmother testified appellant's house was in Dallas County, Texas. We hold this testimony was more than sufficient to justify the jury finding that appellant penetrated the vagina of an eleven-year-old girl. Appellant's fifth ground of error is overruled.

Judgment affirmed.