James Michael **DURHAM**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–85–146–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 23, 1986.

Horace G. Goodrich, Dallas, for appellant.

Brock Smith, Dist. Atty. and Ricky B. Perritt, Asst. Dist. Atty., Decatur, for State.

Before BURDOCK, HOPKINS and HUGHES, (Retired) JJ.

## OPINION

HOPKINS, Justice.

In a nonjury trial, upon a plea of not guilty, the appellant was convicted of possession of more than 400 grams of amphetamine. The court also determined that appellant had been previously convicted of delivery of a controlled substance and assessed punishment of 25 years confinement in the Texas Department of Corrections.

The judgment is affirmed.

Appellant's first ground of error complains of the trial court denying his Motion for Discharge under the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986).

The district attorney, Smith, was sworn as a witness and testified as follows: he was familiar with the case file; appellant was arrested September 28, 1984; appellant was first indicted January 7, 1985 in cause number 8485 for the offense for which he was later convicted; the State filed its written announcement of "ready" on January 7, 1985 and has remained continuously ready for trial since that date; after securing a pen packet appellant was re-indicted on January 30, 1985, in cause number 8502 for the same offense, plus an enhancement paragraph; the State filed its announcement of ready under the subsequent cause number on January 31, 1985; the State received a letter from appellant's counsel prior to the first indictment re-questing copies of indictment, affidavits and other instruments; these instruments were not available at the time; the only other contact the State had with defense counsel was on March 22, 1985, when defense counsel appeared without the appellant and filed appellant's Motion for Discharge; Smith thought appellant was on bond, however, defense counsel on that date advised Smith appellant was in jail in Dallas. Smith further testified that after the first indictment was returned there was no criminal docket in the month of January, 1985, and that appellant's case was not reached for trial in February or March, because there were other cases on the docket ahead of appellant's case. Smith said he did not know whether appellant was present for either docket, and that had appellant's counsel notified Smith in advance of appellant's location and had he requested appellant be present for hearing on March 22nd, Smith would have tried to secure appellant's presence. The appellant presented no testimony nor evidence whatsoever at the hearing on his Motion for Discharge.

The Speedy Trial Act addresses itself to the preparedness of the prosecution for trial and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App. 1979) and *Wright v. State*, 696 S.W.2d 288, 290 (Tex.App.—Fort Worth 1985, no pet.). The overcrowding of a trial court's docket is an exceptional circumstance which justifies tolling the time period under the Speedy Trial Act. *See Barfield*, 586 S.W.2d at 540. The State's announcement of ready to an earlier indictment alleging the same offense alleged in a later indictment constitutes an announcement of ready on the subsequent indictment. *Perez v. State*, 678 S.W.2d 85, 86 (Tex.Crim.App. 1984); *Presley v. State*, 686 S.W.2d 764, 768 (Tex.App.—Fort Worth 1985, no pet.). An announcement of ready by the State constitutes a prima facie showing that the State has complied with the requirements of the Act. *Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App.1983). When the State announces ready during the statutory

period, the burden shifts to the accused to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. This prima facie showing may be rebutted by proving that the defendant was absent during the time in which the State claimed to be ready. *See Smith v. State,* 659 S.W.2d 828, 830 (Tex.Crim.App.1983); *Barfield,* 586 S.W.2d at 542. Upon presentation of rebuttal evidence demonstrating the State was not ready for trial within the time allowed by the statute, the burden shifts back to the State to prove there were excludable periods of delay that would extend the initial time limitation. *Newton v. State,* 641 S.W.2d 530, 531 (Tex.Crim.App. 1982). Securing the defendant's presence is a readiness burden of the State. *Lyles v. State,* 653 S.W.2d 775, 778 (Tex.Crim.App. 1983). The State may be ready for trial from an evidentiary standpoint and yet not be ready for trial for failure to secure the presence of the defendant. *Id.* at 777.

TEX. CODE CRIM. PROC. ANN. art. 32A.02, secs. 4(4)(B) and 4(10) (Vernon Supp.1986) provide:

> Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:
>
> \* \* \* \* \* \*
>
> (4) a period of delay resulting from the absence of the defendant because his location is unknown and:
>
> \* \* \* \* \* \*
>
> (B) the state has been unable to determine his location by due diligence;
>
> \* \* \* \* \* \*
>
> (10) any other reasonable period of delay that is justified by exceptional circumstances.

We were not furnished the record in cause number 8485, however, from the record we have of cause number 8502 it appears the trial judge had both files before him when conducting the hearing on the Motion for Discharge and took judicial knowledge of certain instruments on file in the earlier cause, including the written announcement of ready filed by the State on January 7, 1985.

The appellant's attorney made certain arguments to the trial court and disagreed with the district attorney's testimony pertaining to the case, but he did not present any testimony or evidence to support his argument. It seems that appellant's complaint rests mainly on the fact that the State did not have the appellant available for a hearing on appellant's motion on March 22, 1985, the date the motion was filed. This was 55 days after the expiration of 120 days from the date of appellant's arrest. There is no showing in the record before us that the State failed to have the appellant available for trial during the 120 days after his arrest or that the State failed to have the defendant before the Court for arraignment or other proceedings within the 120 days. Nor is there any showing that the State failed to use diligence in requesting a trial setting within the allotted time given under the Speedy Trial Act. In short, we find that the appellant totally failed to present evidence that would have effectively rebutted the State's written announcement of ready which was timely filed and the testimony of the district attorney that the State had been continuously ready for trial since January 7, 1985. Under the record presented, we overrule appellant's first ground of error.

In his second ground of error appellant alleges the trial court erred in denying his motion to quash the indictment on the basis that there are four types of amphetamine. Therefore, appellant did not have sufficient notice of the offense to enable him to prepare an adequate defense. Appellant contends that the witness Eaton, a chemist, admitted there were more than one type of amphetamine. We do not read the testimony in that context. Eaton stated "[t]he only different types of amphetamine I know are the two steroid isomers— the D and the L isomers." Eaton further testified that several other drugs contain amphetamines.

Notice must be viewed from the eyes of the accused. *Kass v. State,* 642 S.W.2d 463, 465 (Tex.Crim.App.1981). In our case, the appellant did not have to surmise as to

the charge against him, he was charged by the same language contained in the Controlled Substances Act.

TEX. REV. CIV. STAT. ANN. art. 4476–15, secs. 2.04(a) and 2.04(d) (Vernon Supp. 1986) in its pertinent part states:

Sec. 2.04. (a) Schedule II shall consist of the controlled substances listed in this section.

\* \* \* \* \* \*

(d) Unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system:

amphetamine, its salts, optical isomers, and salts of its optical isomers;

methamphetamine, including its salts, optical isomers, and salts of optical isomers;

methylphenidate and its salts; and

phenmetrazine and its salts.

The items listed in art. 4476–15, sec. 2.04(d) as stimulants are all controlled substances, but not all are amphetamines. Each stimulant tested has a different chemical make-up and each stimulant has optical isomers and salts. Therefore the testimony of Eaton concerning the different isomers is encompassed by the term amphetamine, as the statute reads, "amphetamine, its salts, optical isomers, and salts of the optical isomers."

In review of the Controlled Substance Act we have been unable to find any reference to a particular type or kind of amphetamine, therefore, we hold that an indictment that specifies "amphetamine" as the controlled substance possessed is sufficient to include isomers and salts and is not subject to being quashed for failure to appraise the accused of the type of controlled substance possessed. Appellant's second ground of error is overruled.

▆▆▆ By his third ground of error appellant says the evidence was insufficient to link him with the contraband.

The standard used in determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). In cases charging an accused with the unlawful possession of a controlled substance, the State has the burden of introducing facts and circumstances which indicate the accused's knowledge and control of the contraband. These facts and circumstances must affirmatively link the accused to the contraband. *Id.* The possession need not be exclusive. *Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App.1979). However, where the accused is not in exclusive possession of the premises where the contraband is found, it cannot be concluded that he had knowledge of the contraband and control of it unless there are facts and circumstances which affirmatively link the accused to the contraband. *Collini v. State*, 487 S.W.2d 132, 136 (Tex.Crim.App.1972).

Viewed in the light most favorable to the State, the evidence establishes the following facts: following a pattern of erratic driving, the vehicle in which appellant was a passenger and one of the two occupants was stopped by the police; both occupants appeared to be intoxicated although there was no odor of alcoholic beverage on the person of either; there were firearms in plain view in the vehicle; there was an odor emanating from the vehicle which the police officers associated with the manufacture of amphetamine; the occupants were placed under arrest and the auto was inventoried; there were but two items of clothing in the vehicle, two men's jackets, one behind the driver and the other behind appellant; the one nearest appellant contained a pistol, two syringes and some white powdery substance; there were other firearms recovered from inside the vehicle; the trunk, which had no lock, was opened by a screwdriver tripping the latch; inside the trunk was a piece of hose, a five gallon plastic container and two boxes containing four glass containers of amphetamine and a solution of diethyl ether. It later developed that the vehicle was not owned by

either occupant but was registered to one Linda Hoffman of Dallas. One of the officers testified both occupants had an odor about their person the same as that which they associated with the manufacture of amphetamine and that this odor was present on the two occupants even after they had been taken to the sheriff's office. A chemist testified the four glass containers contained more than 400 grams of the amphetamine listed as a controlled substance in the Texas Controlled Substances Act. The appellant presented no evidence.

Although the evidence presented by the State was not overwhelming, we find that the following affirmatively linked the appellant with the contraband so as to establish his possession: 1) the odor of the amphetamine solution emanating from the vehicle was strong enough for appellant to be aware of its presence and location; 2) the appellant had the same odor on his person; 3) since the trunk did not have a lock, appellant had equal access with the driver to the contraband; 4) the jacket nearest appellant contained drug paraphernalia; 5) the appellant was apparently intoxicated by use of a substance other than alcoholic beverage; 6) appellant had a past record of dealing with controlled substances. Appellant's third ground of error is overruled.

In his fourth ground of error appellant claims the court erred in denying his Motion for New Trial which reiterated the matter alleged in grounds of error one and three. We disagree.

■ Whether or not to grant a motion for new trial rests in the sound discretion of the trial court and in the absence of an abuse of discretion the decision will not be disturbed on appeal. *Hill v. State*, 480 S.W.2d 670, 673 (Tex.Crim.App.1972). After a review of the record, we find there was no abuse of discretion. Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.