**Eddy Dean CARR a/k/a Edwin Dean Carr**

v.

**The STATE of Texas.**

**No. 337–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

On Rehearing June 10, 1987.

Phil Nichols, Stephenville, for appellant.

Dan B. Grissom, Dist. Atty., Stephenville, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., and Cathleen R. Riedel, Asst., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

This is an appeal from a felony conviction for the offense of burglary under V.T.C.A. Penal Code, § 30.02. The punishment, enhanced pursuant to V.T.C.A. Penal Code, § 12.42(d), was assessed at confinement in the Texas Department of Corrections for life.

On February 24, 1983, the Eastland Court of Appeals reversed the judgment of the trial court and ordered the indictment set aside. In an unpublished decision, the Court of Appeals held that the State had failed to comply with the requirements of the Texas Speedy Trial Act, Article 32A.02, V.A.C.C.P. On June 22, 1983, we granted the State's Petition for Discretionary Review to determine whether the Court of

Appeals correctly decided the matter. We find that it did and affirm.

The record reflects that on January 24, 1981, a hardware store in Erath County was burglarized and several items were taken. Appellant was arrested in connection with these events on May 4, 1981.

Appellant was initially indicted on May 21, 1981, for the offense of theft under V.T.C.A. Penal Code, § 31.03(a) and (b)(1). The State first announced ready on the theft indictment on June 29, 1981. This announcement occurred 56 days after appellant's arrest. The State also announced ready on the theft indictment on two subsequent occasions: November 2, 1981, and January 11, 1982.

On June 2, 1982, appellant was indicted for the offense of burglary under V.T.C.A. Penal Code, § 30.02, alleged to have been committed on January 24, 1981. The previous indictment for theft was dismissed on the State's motion at some time after the burglary indictment was returned.

Appellant's indictment for burglary occurred 394 days after his arrest on May 4, 1981. On June 28, 1982, the State first announced ready on the burglary indictment, 420 days after appellant's initial arrest.

Article 32A.02, V.A.C.C.P., provides in pertinent part:

"Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;"

A threshold determination we must secure is the commencement date of the "criminal action" for the purposes of the Speedy Trial Act. Section 2 of Article 32A.02 directs that, when arrest precedes indictment, the criminal action commences when the defendant is arrested to answer for the same offense or any other offense arising out of the same transaction.[1]

In construing the meaning of "the same transaction" for purposes of the Speedy Trial Act, we held in *Kalish v. State*, 662 S.W.2d 595 (Tex.Cr.App.1983), that "when a person is ... taken into custody by a peace officer, all such chargeable voluntary conduct in which the person was then and there engaged, constituting an offense continuing in nature, arises out of the same transaction."

▇ In the instant case, the offense of theft and the offense of burglary were offenses committed in tandem by the appellant. Under *Kalish,* both offenses arose out of the same transaction for purposes of the Speedy Trial Act. Therefore under Section 2 of 32A.02, the "criminal action," encompassing both the offense of theft and the offense of burglary, commenced on the May 4, 1981, arrest of the appellant.

▇ We granted the State's Petition for Discretionary Review to determine whether a timely announcement of ready on one indicted offense arising out of a transaction can be carried over to apply to a subsequently indicted different offense arising out of that same transaction.[2] We find that under the facts of this case it does not.

▇ Settled is the question that *an* indictment or information must be filed in a felony case within 120 days of arrest, unless the State establishes one of the exemptions to the Speedy Trial Act. In *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980), we held that the defendant was entitled to relief under the provisions of Article

---

1. Article 32A.02, § 2, V.A.C.C.P., provides in pertinent part:

 "(a) ... a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, *unless* prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested."

 (All emphasis throughout is supplied by the author of this opinion unless otherwise indicated.)

2. Nothing in the Speedy Trial Act authorized carrying forward a *prima facie* showing of readiness from one indictment dismissed on the State's motion to a second indictment alleging a different offense.

32A.02 when *no* indictment or information was filed until 165 days after the commencement date and the State failed to demonstrate why it was not ready within any of the exceptions to the Speedy Trial Act. Similarly, in *Buford v. State,* 657 S.W.2d 107 (Tex.Cr.App.1983), the indictment was dismissed under the Speedy Trial Act when 144 days elapsed between arrest and indictment and no exception to the Speedy Trial Act was shown by the State.

■ The Speedy Trial Act, however, does not require that the State be ready with a perfect indictment or information. In *Ward v. State,* 659 S.W.2d 643 (Tex.Cr. App.1983), the initial misdemeanor information was defective because the supporting affidavit was not signed. A second information alleging *the same offense* was filed outside the time limits of Article 32A.02. Nevertheless, we held that the State's announcement of ready on the defective information was an effective claim of the State's preparedness under the Speedy Trial Act. As Judge Campbell reasoned, "the distinction between an announcement of ready on no indictment or information and an announcement of ready on a defective indictment or information [is] of paramount significance." *Id.* at 646.

Also instructive in this area are cases which focus on the scope of a defendant's waiver of speedy trial, rather than the scope of the State's announcement of ready.

In *Paris v. State,* 668 S.W.2d 411 (Tex. Cr.App.1984), the defendant filed waivers of speedy trial under a felony information for aggravated robbery. An indictment alleging *the same offense* was filed outside the time limits of the Speedy Trial Act. We held that since the two charging instruments alleged the same offense, the defendant's earlier waiver of speedy trial transferred to the subsequent indictment.

Likewise in *Rosebury v. State,* 659 S.W.2d 655 (Tex.Cr.App.1983), the defendant waived his right to speedy trial under indictments which alleged possession of tetrahydrocannabinol (THC). Subsequent to those waivers, the prosecution learned from the State's chemist that the controlled substance in question was marihuana, not THC. Thereafter, the defendant was indicted for possiession of marihuana. Even though the indictment for possession of marihuana was filed outside the time limits of Article 32A.02, we held in *Rosebury* that the defendant's previous waiver of his rights under the Speedy Trial Act applied to the marihuana indictment. We noted that the facts revealed that only *a single offense* had been committed. Only a single substance was possessed, and only a single offense was alleged, although at first erroneously pleaded.

Significantly in *Rosebury,* we observed that had the defendant in that case possessed both THC and marihuana, a different issue would be presented. *Id.* at 657. That "different issue" is presented in this case.

In resolving an issue parallel to the issue before this Court today, the Dallas Court of Appeals in *Richardson v. State,* 629 S.W.2d 164 (Tex.App.—Dallas 1982, pet. ref'd), held that the State's announcement of ready under one indictment does not carry forward to an indictment alleging a *different offense.*

As here, the two offenses in *Richardson* were theft and burglary. Although the State timely announced ready under the theft indictment, the burglary indictment was not even returned until 512 days after the commencement of the criminal action. In rejecting the State's argument that the burglary indictment was simply a "reindictment" of the earlier theft charge and the announcement of ready should be carried forward to the burglary indictment, the Court of Appeals reasoned:

> "Although both [cases] have the same complaining witness, they are different offenses subject to different proof, and therefore are not the 'same case' even though they are from the same transaction. Consequently, the announcement of ready in one case will not apply to the other case.[3]

3. We note with approval Judge Clinton's observation that terminology such as "case" is alien

*Accord, Turner v. State,* 646 S.W.2d 485 (Tex.App.—Houston [1st Dist.] 1983), *rev'd on other grounds,* 662 S.W.2d 357 (Tex.Cr. App.1984); *Wilson v. State,* 633 S.W.2d 952 (Tex.App.—El Paso 1982).

▆▆▆ *Richardson* makes a valid point. There is a distinction between successive indictments for the same offense and a subsequent indictment for a different offense. As we held in *Ward, Paris,* and *Rosebury,* supra, when the latter indictment alleges the same offense, or where the facts show that only a single offense has been committed, the State's announcement of ready on the earlier indictment, or the defendant's waiver of speedy trial on the earlier indictment, will be effective. Conversely, when the subsequent indictment alleges a primary offense that is different from the one alleged in the earlier charging instrument, and the **facts** show that **both** offenses were in fact committed in one transaction, we hold that the State's timely announcement of ready on one offense does not constitute an announcement of ready on the second, different offense arising out of the same transaction.

This holding comports with the purposes of Article 32A.02. As noted earlier, when arrest precedes indictment, the commencement of the criminal action occurs on the date of arrest and encompasses all the chargeable offenses which arise out of the same transaction. See Art. 32A.02, § 2, and *Kalish,* supra. The prescribed periods of time in § 1 of Article 32A.02 may not be elongated by stringing out successive "reindictments" for the various offenses committed in that transaction far beyond the limitations imposed. See *Rosebury,* supra, at 659 (J. Clinton, concurring). To hold otherwise would be to defeat the purpose of the Act, and radically misapply its stringent requirements. If the State's contention were upheld in this case, the only bar to prosecution on the later indicted offense would be the Constitution or the statute of limitations. We hold that this was not the legislative mandate contained in the Speedy Trial Act.

We conclude, under the circumstances of the instant case, that appellant is entitled to relief under the provisions of Article 32A.02, V.A.C.C.P. The judgment of the Court of Appeals is affirmed; and the judgment of the trial court is reversed, the indictment is ordered dismissed, and the appellant is discharged under the terms of the Speedy Trial Act. Art. 28.061, V.A.C. C.P.

CLINTON, J., concurs in result.

ONION, Presiding Judge, concurring.

I concur. I don't believe a different result could be reached under the Speedy Trial Act (Article 32A.02, V.A.C.C.P.). I just note the ridiculous action the act causes this Court to take. The ends of real justice are not served.

McCORMICK, Judge, dissenting.

The result reached by the majority today again points out the absurdity of the reasoning being used by this Court in its never-ending attempt to justify the constitutionally infirm Speedy Trial Act.

If unpreparedness on one offense is "valid" as to another, then *why* is readiness as to one offense not good as to another where they both grow out of the same transaction? Compare *Kalish v. State,* 662 S.W.2d 595, 601 (Tex.Cr.App.1983).

Because the majority once again is inconsistent in their reasoning, I must dissent.

## OPINION ON COURT'S OWN MOTION FOR REHEARING

ONION, Presiding Judge.

Appellant appealed his felony conviction for the offense of burglary under V.T.C.A., Penal Code, § 30.02. Pursuant to V.T. C.A., Penal Code, § 12.42, the trial court had assessed punishment at life imprisonment.

The Eastland Court of Appeals, in an unpublished opinion, reversed the judgment of the trial court and ordered the indictment set aside. *Carr v. State* (No. 11–82–

to the Act. *See, Turner v. State,* 662 S.W.2d 357, 360 n. 6 (Tex.Cr.App.1984) (J. Clinton, dissent-

ing); *Rosebury v. State,* 659 S.W.2d 655, 658–59 (Tex.Cr.App.1983) (J. Clinton, concurring).

307–CR, Feb. 24, 1983). The Court of Appeals held that appellant was entitled to relief under Article 32A.02, V.A.C.C.P., the Texas Speedy Trial Act. We granted State's Petition for Discretionary Review to determine whether the State's timely announcement of ready on one indicted offense carried over to a subsequently indicted *different* offense arising out of the same transaction.

■ On original submission we held that the State's timely announcement of ready on one offense does not constitute an announcement of ready on the second offense arising out of the same transaction, when the subsequent indictment alleges a primary offense that is *different* from the one alleged in the earlier charging instrument. This was held to be true even though the facts showed that *both* offenses were in fact committed in one transaction. On February 20, 1984, this Court granted its own motion for rehearing to review this holding in view of the conflict with *Denson v. State* (No. 63,428—July 7, 1982—pending on rehearing).

The record shows that appellant was arrested on May 4, 1981, in connection with the January 24, 1981, burglary of the Higginbotham Brothers Hardware Company in Stephenville.

Appellant was indicted on May 21, 1981, for the offense of theft under V.T.C.A., Penal Code, § 31.03(a) and (b)(1). The State announced ready on the theft indictment on June 29, 1981, 56 days after appellant's arrest. The State also announced ready on the same theft indictment on November 2, 1981, and January 11, 1982.

As noted by the trial judge, the State dismissed the theft indictment "subsequent" to the return of a new indictment for burglary on June 2, 1982. This second indictment also alleged the offense to have been committed on January 24, 1981. The indictment for burglary was presented 394 days after appellant's arrest on May 4, 1981. The State first announced ready on the burglary indictment on June 28, 1982, 420 days after appellant's arrest.

The Speedy Trial Act requires a trial court to grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a criminal action if the defendant is accused of a felony. Article 32A.02, § 1(1), supra. A "criminal action" commences when an indictment is filed against the defendant in court, "unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction...." Article 32A.02, § 2(a), supra; see also *Kalish v. State*, 662 S.W.2d 595, 600 (Tex.Cr.App. 1983) ("[W]hen a person is detained, placed under restraint or taken into custody by a peace officer, all such chargeable voluntary conduct in which the person was then and there engaged, constituting an offense continuing in nature, arises out of the same transaction.") In the instant case there is no question that the second indictment for burglary arose out of the "same transaction" as the initial indictment for the theft committed on January 24, 1981. Unless the State's announcement of ready on the first indictment "carried over" to the second indictment, the State did not show itself to be ready within the 120 day time period required by the Act.

This Court has previously wrestled with the issue of whether a State's announcement of ready as to one indictment carries over to a subsequent indictment for an offense arising out of the same transaction. In *Perez v. State*, 678 S.W.2d 85, 86 (Tex. Cr.App.1984), the defendant was indicted for burglary of a vehicle and later reindicted on allegations of the same crime, along with a prior conviction alleged for enhancement. Since the reindictment was for the same case, the State's timely announcement of ready carried over to the second indictment. See and cf. *Santibanez v. State*, 717 S.W.2d 326, 329 (Tex.Cr.App. 1986) ("Since both indictments involve the same offense, the motion for continuance, if good, carries forward from the first indictment to the second indictment."); *Whaley v. State*, 717 S.W.2d 26, 29 (Tex.Cr.App. 1986) ("We find the unlawful delivery charges in the first indictment to be the same cases as in the second and third in-

dictments."); *Durham v. State*, 701 S.W.2d 951, 953 (Tex.App.–Fort Worth 1986).

Several Courts of Appeals have adopted the "different proof" standard to determine whether an act by a party on the first indictment should carry over to any succeeding indictments. See *McGlothlin v. State*, 705 S.W.2d 851, 859 (Tex.App.–Fort Worth 1986); *Presley v. State*, 686 S.W.2d 764, 767 (Tex.App.–Fort Worth 1985, PDR ref'd); *Richardson v. State*, 629 S.W.2d 164, 165 (Tex.App.–Dallas 1982, PDR ref'd).

> "The critical feature for determining whether an act by a party on the first indictment should carry over to any succeeding indictments is whether the indictments are subject to the same proof. *Presley v. State*, 686 S.W.2d 764, 767 (Tex.App.–Fort Worth 1985, pet. pending). Announcements of ready on one indictment will not carry over to a subsequent indictment if the indictments charge different offenses subject to different proof, even though they involve the same complaining witness and arise from the same transaction. See *Richardson v. State*, 629 S.W.2d 164, 165 (Tex.App.–Dallas 1982, pet. ref'd). See also *Perez v. State*, 678 S.W.2d 85, 87 (Tex.Crim.App.1984) (approving *Richardson* )." *McGlothlin*, supra, at 859.

*Richardson*, supra, presents an analogous situation to the present case. The defendant was initially indicted for the offense of theft and later "reindicted" (according to the State) for burglary of a vehicle. The Court of Appeals noted:

> "Although both F–78–6913–1H and the instant case have the same complaining witness, they are different offenses subject to different proof, and therefore are not the 'same case' even though they are from the same transaction. Consequently, the announcements of ready in one case will not apply to the other case."
> *Richardson*, supra, at 165.

Although the petition for discretionary review was denied in *Richardson*, this Court has adopted the standard enunciated in that case, namely that readiness carries forward from one indictment to a subse-

quent indictment as long as the offense is the same offense subject to the same proof.

> "In *Richardson*, supra, there were two separate offenses, burglary of a vehicle and third degree theft. Although both offenses arose from the same transaction, they were subject to different proof. For this reason the Dallas Court of Appeals correctly dismissed the second indictment, which had been returned after the time limits of the Speedy Trial Act had passed." *Whaley*, supra, at 29; see also *Behrend v. State*, 729 S.W.2d 717, 722.

In *Presley*, supra, the defendant was indicted for rape of a child. Another indictment was returned charging aggravated rape of a child and containing an enhancement paragraph. The second indictment was followed by a third indictment again charging aggravated rape of a child and containing an enhancement paragraph. "All three indictments related to the same transaction and at the conclusion of the hearing on August 26, 1983, the trial judge announced that the motion to quash the cases other than F–83–96123 (represented by the third indictment) was granted." *Presley*, supra, at 766. Presley complained on appeal that the State's "reindictment" for aggravated rape was for a different offense and that the State was not ready for trial within the statutory time period because 134 days had elapsed since his arrest.

The Court of Appeals held:

> "Although in the instant case the appellant was alleged to have violated two separate Penal Code sections, the facts underlying the two violations are identical: both violations involved the commission of the same prohibited acts against the same complaining witness during the course of one transaction. The only difference between the requisites of the Penal Code sections is that in order for the State to convict a defendant for the offense of rape of a child, the victim must have been under the age of seventeen years, whereas the aggravated rape statute required the child to have been under the age of fourteen years. Obviously, at

the time of the offense the victim was a certain fixed age (under the age of fourteen); therefore, the subsequent indictments did not enlarge upon the State's burden of proof or curtail any of appellant's available defenses. The State's preparation for trial was in no way affected by the substitution of the greater offense in the subsequent indictment. We hold that under the particular facts of this case, there was only one case based upon a single offense arising out of one transaction. Accordingly, the State's announcement of ready from the earlier indictment constituted an announcement of ready on the second and third indictments arising out of the same transaction." *Presley,* supra, at 768.

*Presley* draws attention to "seemingly inconsistent opinions [by this Court] regarding the question of when the State's announcement of ready carries forward to subsequent indictments." *Presley,* supra, at 767. The cases referred to by the Court of Appeals are *Denson* (No. 63,428, July 7, 1982) ("[A]nnouncements of ready or continuances granted concerning one offense will apply to another offense when both offenses arose out of the same transaction."), and *Carr,* the instant case. Both cases are currently before this Court on motions for rehearing.

On original submission in the instant case we reached the opposite conclusion from *Denson.* We noted that there is a distinction between successive indictments for the same offense and a subsequent indictment for a different offense.

"[W]hen the latter indictment alleges the same offense, or where the facts show that only a single offense has been committed, the State's announcement of ready on the earlier indictment, or the defendant's waiver of speedy trial on the earlier indictment, will be effective. Conversely, when the subsequent indictment alleges a primary offense that is different from the one alleged in the earlier charging instrument, and the *facts* show that *both* offenses were in fact committed in one transaction, we hold that the State's timely announcement of ready on one offense does not

constitute an announcement of ready on the second, different offense arising out of the same transaction." (Emphasis in original.)

Under the circumstances presented we held Carr was entitled to relief since the subsequent indictment alleged an offense different from the one alleged in the earlier indictment.

This Court's most recent encounter with the issue about whether an announcement of ready carries over to a subsequent indictment occurred in *Behrend,* supra. Behrend was originally indicted for capital murder by suffocating the victim with chloroform. The second indictment alleged murder by "manner and means unknown," eliminating the aggravating feature and changing only the manner by which the victim was alleged to have been killed. Citing *Sharp v. State,* 707 S.W.2d 611 (Tex.Cr. App.1986), *Whaley,* supra, and *Richardson,* supra, we noted: "These cases indicate that as long as the subsequent indictment is for the *same offense* arising out of the transaction for which the defendant was originally arrested, announcements of ready by the state carry forward." *Behrend,* supra, at 722. (Emphasis supplied)

Consequently, we held:

"Although these two offenses [capital murder and murder] differ in that the first required greater proof than the second, these offenses clearly arose out of the same transaction, *viz:* the killing of the victim. They were, just as in *Whaley* and *Sharp,* supra, the same offense for purposes of the Speedy Trial Act. Thus, we find that the State's announcement of ready on the second indictment carried forward to the second and final indictment." *Behrend,* supra, at 723.

In the instant case both offenses alleged in the indictments arose out of the same transaction. Nevertheless, we cannot stretch our recent decision in *Behrend* to conclude that theft and burglary are "the same offense for purposes of the Speedy Trial Act." Burglary, as defined in V.T. C.A., Penal Code, § 30.02, requires greater proof than theft under V.T.C.A., Penal

Code, § 31.03.[1] In *Behrend,* supra, the State was conceivably "ready" to prove the elements of the lesser included offense of murder alleged in the second indictment, rather than capital murder. In the instant case an announcement of ready by the State in the theft case does not automatically mean the State was "ready" to try the burglary case. These offenses involve different elements of proof, and the State's announcement of ready under one indictment will not carry forward to an indictment alleging a completely *different offense.* See *Richardson,* supra. This holds true despite the fact that both offenses arose out of the same transaction.

On original submission we noted that the time periods prescribed in Article 32A.02, § 1, may not be elongated by stringing out successive "reindictments" for the various offenses committed in that transaction far beyond the limitations imposed. "To hold otherwise would be to defeat the purpose of the Act, and to radically misapply its stringent requirements."

We hold that the State's announcement of ready on the theft indictment did not carry over to the burglary indictment, despite the fact that both offenses arose out of the same transaction. We disavow any language in the opinion on original submission in *Denson,* supra, to the contrary.

The motion for rehearing is denied.

WHITE, J., concurs in the result.

McCORMICK, J., dissents.

CLINTON, Judge, concurring.

Since this Court has just about wrestled down the issue of whether an announcement of ready for trial on one indictment by the State carries over to a subsequent indictment alleging an offense arising out of the same transaction, we need to rule out some of the fouls committed in the long match.

The Texas Speedy Trial Act, essentially Article 32A.02, V.A.C.C.P. (Act), is based on a concept that a "criminal action" embraces a "transaction" out of which may arise one or more statutorily defined "offenses." Article 32A.02, § 2(a) and (c). To move speedily along to final disposition of the whole of the criminal action, the Act is designed so that after analyzing the transaction the State is required "promptly to sort out its offenses, obtain one or more charging instruments and get ready for trial within the prescribed period of time from commencement of the criminal action." *Rosebury v. State,* 659 S.W.2d 655 (Tex.Cr.App.1983) (Concurring Opinion, at 657). The Court acknowledged in its opinion on original submission in this cause, "The prescribed periods of time in § 1 of Article 32A.02 may not be elongated by stringing out successive 'reindictments' for the various offenses committed in that transaction far beyond the limitations imposed."

As a general proposition the State must be prepared to be, and timely to announce, ready on each and every offense it opts to charge from the same transaction. The key is the fact that one or more statutory elements of each offense are usually different from every other one arising out of the same transaction. Thus, an announcement in one will not suffice for any other different offense.

Today the Court correctly rejects the global rationale of *Denson v. State* (Tex. Cr.App. No. 63,428, delivered July 7, 1982, this day decided), *viz:* "Since the Speedy Trial Act takes into account and treats together all offenses arising from the same transaction, announcements of ready or

---

**1.** Under V.T.C.A., Penal Code, § 30.02(a), a person commits burglary if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft."

Theft, under V.T.C.A., Penal Code, § 31.03(a) and (b)(1), provides that a person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property and the appropriation is without the owner's effective consent.

continuances granted one offense will apply to another offense when both offenses arise out of the same transaction." Slip Opinion, at 3. That construction is untenable under the Act, and to effectuate it would destroy the Act.

Some opinions have spoken in other terms, i.e. "case." However, as explained in *Behrend v. State,* 729 S.W.2d 717 (Tex. Cr.App.1987), the Act is not concerned with a "case." At 722. Others have looked at offenses in light of common matters of admissible evidence. But since the whole notion is timely to dispose of all offenses the State chooses to charge, and thereby finally terminate the criminal action, it follows that when raised courts must address issues of readiness in terms of elements of the offenses in question. Readiness on one is not necessarily readiness on all.

With those observations I join the judgment of the Court.