Alvin Charles DENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 63428.

Court of Criminal Appeals of Texas,
En Banc.

June 10, 1987.

J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty. and Karen Chilton Beverly, Winfield Scott & C. Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, where the punishment was assessed by the jury at 25 years' imprisonment.

On appeal appellant raised two points of error (nee grounds). During oral argument appellant's attorney conceded that his second point was without merit. We agreed on original submission and did not write on that point, but affirmed the conviction rejecting his contention that the trial court erred in overruling his motion to dismiss the indictment for failure to be ready for trial within 120 days of his arrest as required by Article 32A.02, V.A.C.C.P. (Speedy Trial Act).

On rehearing appellant urged that our decision on original submission was contrary to another decision of this Court and to the holding in *Richardson v. State*, 629 S.W.2d 164 (Tex.App.—Dallas 1982), wherein that court, speaking through Justice John Vance, stated:

"Although both [cases] have the same complaining witness they are *different offenses subject to different proof,* and, therefore are not the 'same case' even though they are from the same transaction." (Emphasis added.)

We granted appellant's motion for rehearing to reconsider the position taken by a panel of this Court on original submission.

On August 6, 1978, the appellant and another person robbed Jimmy Priest and Sherman Ray Priest and in the same transaction shot and killed the said Sherman Ray Priest. The appellant was arrested on August 7, 1978. He was subsequently indicted on September 13, 1978, in Cause Number F78–8412–IP for the murder of Sherman Ray Priest. On September 18, 1978, the State filed a written announcement of ready applying to "the above styled and numbered cause." On November 1, 1978, the appellant was indicted for the aggravated robbery of Jimmy Priest on August 6, 1978, the instant case (Cause No. F78–10203–QP). Both causes were set for jury trial on December 11, 1978, and for the first time the State announced ready for trial in the aggravated robbery case on

that date, 126 days after the commencement of the criminal action on August 7, 1978.

A hearing was conducted on appellant's motion to dismiss the aggravated robbery indictment for lack of a speedy trial in violation of Article 32A.02, V.A.C.C.P. At such hearing the State did not announce that it had in fact been ready for trial in the aggravated robbery case within 120 days of the appellant's arrest. The State contended its announcement of ready in the murder case carried over to the subsequently indicted aggravated robbery. The motion to dismiss the indictment was overruled and the instant conviction followed.

On original submission a panel of this Court wrote:

"Since the Speedy Trial Act takes into account and treats all offenses arising in the same transaction, announcements of ready or continuances granted concerning one offense will apply to another offense where both offenses arise out of the same transaction. There is no dispute that the offenses of robbery and murder here arise out of the same transaction. The trial court did not err in overruling appellant's motion to dismiss the indictment."

In *Carr v. State*, 733 S.W.2d 149 (No. 337-83), this day decided, we granted rehearing on the court's own motion because the opinion in *Carr* on original submission was in conflict with Denson (the instant case) opinion on original submission. In *Carr* we conclude on rehearing that an announcement of ready by the State in the earlier theft case did not automatically mean that the State was ready to try the subsequent indictment on burglary; that the offenses involve different elements of proof, and the State's announcement of ready under the theft indictment would not carry over to the subsequent indictment for burglary, a different offense, even though both offenses arose out of the same transaction. *Richardson*, supra, was cited with approval. The motion for rehearing was denied in *Carr*.

What was said in *Carr* on rehearing applies to the instant case, and more so, because the complaining witnesses or alleged victims in each offense are different. We need not repeat what we stated in *Carr*, and we withdraw our panel opinion on original submission.

We hold that the State's announcement of ready in the murder case did not carry over to the aggravated robbery case, although both arose out of the same transaction.

The judgment of the trial court is reversed and the indictment is ordered dismissed.

WHITE, J., concurs in the result.

McCORMICK, J., dissents.